LEGUILLOU, DEMANDANTE Y APELADO, *v.* DELGADO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en un caso sobre cobro de cantidad de dinero.

No. 1029.—Resuelto en enero 14, 1914.

PRUEBA TESTIFICAL—ERRORES DE FECHA COMETIDOS POR LOS TESTIGOS.—En este caso los errores de fecha en que hayan podido incurrir los testigos de la parte demandante al relatar los hechos a que se refieren en sus declaraciones no influyen para nada en la esencia de la obligación, cuyo cumplimiento se reclama en la demanda.

PRUEBA CONTRADICTORIA—APRECIACIÓN POR EL TRIBUNAL SENTENCIADOR.—El tribunal sentenciador posee facilidades para apreciar la prueba y determinar la credibilidad de los testigos, que no posee este tribunal de apelación dentro de la naturaleza de los procedimientos judiciales, y en caso de existir prueba contradictoria, a la corte inferior y nó a ésta incumbe dirimir el conflicto.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Francisco González.*

Abogados del apelado: *Sres. Aponte y Aponte.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En el año 1911 presentó demanda jurada ante la Corte de Distrito del Distrito Judicial de Humacao, Ildefonso Leguillou contra Andrea Delgado, en reclamación del pago de $949.92, con intereses legales de dicha cantidad, costas y honorarios de abogado.

Fúndase la demanda en que el demandante había facilitado a la demandada con carácter devolutivo, tres partidas de dinero, una de $100 para pagar unos escombros en la calle de San Juan, de Viequez, otra de $400 para gastos del derrumbe y edificación de una nueva casa, y la tercera de $449.92 para compra de zinc, maderas y otros efectos, cuya partidas representaban la suma reclamada, las que la demandada se obligó a devolver dentro de unos meses después de fabricada la nueva casa, sin que aun la hubiera verificado a pesar de los requerimientos hechos a ese fin y de haber transcurrido más de tres años desde entonces hasta la fecha de la demanda.

La demandada Andrea Delgado niega haber recibido del demandante las tres partidas de dinero a que se refiere la demanda y que por concepto alguno deba al demandante la suma reclamada; por todo lo cual pide se declare sin lugar la demanda, con las costas al demandante.

Celebrado el juicio, la corte dictó sentencia en 17 de marzo del año de 1913 por la que condena a Andrea Delgado a que pague a Ildefonso Leguillou la cantidad de $780 más los intereses legales desde la interposición de la demanda, sin especial condena de costas. Contra esa sentencia interpuso la demandada recurso de apelación para ante esta Corte Suprema.

Alega la parte demandada para sostener el recurso, cinco motivos que pueden reducirse a uno, o sea error de hecho y de derecho en la apreciación de las pruebas practicadas en el juicio con infracción de los artículos 13, 18, 21 y 38 de la Ley de Evidencia.

Examinemos la evidencia aportada al juicio por ambas partes.

Pruebas de la demandante:

Declara Ildefonso Leguillou, demandante, que primeramente Andrea Delgado le pidió $100 que no quiso darle, y que después le facilitó por insistencia de un hijo de aquél, con cuyo dinero compró una casa en mal estado, y como después lo ocupara por $200 más para componerla, él le dijo que cogiera la madera en casa de Ramón Simó, a quien libró orden

para que se la despachara con los utensilios necesarios para la fabricación de la casa, habiendo pagado al Simó $280.37, y $159.65 a Francisco Pesquera, y $400 a los maestros carpinteros Andrés Lemoned y Marcelino Ramírez, que fueron los que se encargaron de la construcción de la casa, sin que la Andrea Delgado le haya devuelto las referidas cantidades, de las cuales hizo entrega por los años de 1908 ó 1909, no recordando meses. Agrega Leguillou que presentó una demanda de desahucio en la Corte Municipal de Vieques contra Andrea Delgado, en la cual alegó que la casa era suya y que Andrea Delgado le debía 10 meses de alquiler que no le había pagado, pero que eso no era verdad, sino que la casa pertenece a Andrea Delgado y ésta le debe la cantidad que reclama, por habérsela facilitado y no habérsele pagado, habiendo sido declarada sin lugar la demanda de desahucio.

Saturnino Leguillou depone, que Andrea Delgado le dijo que influyera con su padre para que le prestara $100, con el fin de comprar una casa en el pueblo de Vieques, casi en estado de ruina, habiendo conseguido que su padre facilitara a la Delgado dicha cantidad, lo que ocurrió por los años de 1908 a 1909 y que en la reconstrucción de la casa se gastaron más o menos unos $800 que Andrea Delgado no ha satisfecho, contestando a las reclamaciones de pago que no tenía con que pagar y que la finca respondía.

Ramón Simó dice que por el año de 1909 Ildefonso Leguillou le ordenó entregara madera a Andrea Delgado para la construcción de una casa y en virtud de esa orden satisfizo los pedidos de maderas que le hizo la Delgado con cargo a Leguillou, quien le pagó por esas maderas $280 y centavos.

Andrés Lemoned afirma que por cuenta de Ildefonso Leguillou hizo trabajos con otro carpintero, en una casa situada en el pueblo de Vieques, cuya casa ocupa Andrea Delgado, y que Leguillou le pagó por conducto de ella unos $400 más o menos, lo cual ocurrió dos años o dos años y medio antes del mes de febrero de 1913 en que declaró el testigo.

La prueba de la demandada consistió en la copia de la de-

manda de desahucio que contra ella entabló Ildefonso Legui-
llou, en 10 documentos suscritos por el maestro carpintero
Marcelino Ramírez en los meses de enero, febrero y marzo
de 1906 y en la declaración de la misma demandada Andrea
Delgado.

La demanda muestra que ella fué presentada ante la Corte
Municipal de Vieques con fecha 17 de abril de 1911 por Legui-
llou· contra Andrea Delgado, para obtener el desalojo de la
casa sita en la calle de San Juan, de Vieques, de que Leguillou
se dice dueño, por título de fabricación, la que dió en arrenda-
miento a la Delgado por canon de $10 mensuales, habiendo
dejado la Delgado de satisfacer ese canon por espacio de 10
meses.

Los 10 documentos suscritos por Marcelino Ramírez tien-
den a probar entregas de dinero hechas por Andrea Delgado
al Ramírez, o pedidos de dinero hechos por el Ramírez a la
Delgado. La mayor parte de dichos documentos son expresi-
vos de trabajos que hacía Ramírez a la Delgado en la construc-
ción de una casa de su propiedad, y todos ellos representan
un valor total de $59.87.

Andrea Delgado declara que es dueña de la casa situada
en la calle de San Juan, de Vieques, que compró al Sr. De-
lerme e hizo reconstruir ·en el año de 1906 con recursos pro-
pios, si bien el demandante Ildefonso· Leguillou le dió orden
para Ramón Simó, con el fin de que éste le facilitara las ma-
deras cuyo importe de $184 ella misma pagó a Simó, siendo
ella también la que pagó los $100 que le costó la casa com-
prada a Delerme, habiendo tomado además maderas en una
tienda de Vieques que no puede precisar, e ignora qué dinero
ha invertido en la construcción de la casa porque no llevaba
cuenta de ello y que Lemoned no trabajó nunca en la casa, y
sí Marcelino Ramírez que fué quien hizo el trabajo en el año
de 1906.

Para impugnar la veracidad de los testigos de la parte
actora, presentó Andrea Delgado copia de una escritura otor-

gada en 12 de enero de 1906, justificativa de haber comprado en ese año una casa situada en la calle de San Juan, de Vieques.

En mérito de las pruebas aportadas al juicio por ambas partes, la corte inferior llegó a las conclusiones de hecho de que en 12 de enero de 1906 la demandada compró por precio de $100 a A. M. Delerme, una casa sita en la calle de San Juan, de Vieques; que para la compra, reconstrucción y mano de obra de la dicha casa, le fueron facilitadas a la misma por el demandante, Ildefonso Leguillou, las siguientes partidas de dinero, a saber: $100 para la compra de la casa, $280 para la compra de materiales, y $400 para la mano de obra, partidas que hacen un total de $780, que la demandada no ha satisfecho al demandante.

Esas conclusiones se sostienen por el resultado de las pruebas practicadas en el juicio, pues éstas, ciertamente convencen de que Ildefonso Leguillou facilitó a Andrea Delgado, con carácter devolutivo, las partidas de $100 en que compró la casa, de $280 más, importe de las maderas, con cargo al demandante, que entregó Ramón Simó a la demandada, y de $400 satisfechos por Leguillou al maestro carpintero Andrés Lemoned, por los trabajos de reconstrucción, partidas que dan el total de $780, a cuyo pago viene condenada la demandada.

No importa que los testigos de la parte actora hayan podido incurrir en error de fecha al relatar los hechos a que se refieren en sus declaraciones, pues ese error no afecta la esencia de la obligación cuyo cumplimiento se reclama a la demandada. Esa obligación subsiste, tuvieran lugar los hechos que la originaron en el año de 1906, o en el de 1908 ó 1909.

La circunstancia de que Ildefonso Leguillou alegara en demanda de desahucio interpuesta contra Andrea Delgado, ser dueño de la casa de que se trata, y afirmara en el juicio, en contradicción con lo aseverado en el presente, que dicha casa pertenece a Andrea Delgado, debiéndole ésta su valor, no es motivo para que se tache de falsa su declaración, máxime, cuando las alegaciones esenciales de la demanda aparecen corroboradas por los testigos Saturnino Leguillou, Ramón Simó

y Andrés Lemoned, y aún en parte por la misma demandada al admitir que Simó le facilitó las maderas a virtud de orden del demandante Leguillou.

Hemos resuelto con frecuencia que el tribunal inferior posee facilidades para apreciar la prueba y determinar la credibilidad de los testigos, que no posee este tribunal de apelación, dentro de la naturaleza de los procedimientos judiciales, y que en caso de existir prueba contradictoria, a la corte inferior, y no a ésta, incumbe dirimir el conflicto. Las conclusiones de la Corte de Distrito de Humacao se sostienen apreciando en conjunto las pruebas suministradas, y lejos de haber sido infringidas las reglas de evidencia que en su favor invoca la parte recurrente, encontramos que han tenido correcta aplicación.

Debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.